IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID SHAKIR**                                                                         **PLAINTIFF**

**v.**                                             **Civil Action No. 3:15-cv-00044-MPM-JMV**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**            **DEFENANTS**
et al.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court for consideration on the *Motion for Default and Final Judgment* (the "Motion")[11], filed on behalf of defendant Federal National Mortgage Association (the "Defendant"). The Motion is predicated on the underlying *Counterclaim* [8] filed by the Defendant. The Motion also makes reference to the Defendant's *Motion to Dismiss* [7], though the Court finds that motion most appropriately addressed in a separate order. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and Rule 13 of the Federal Rules of Civil Procedure. Venue is proper pursuant to 28 U.S.C. § 1391. For the reasons set forth below, the Court finds that the Motion for Default Judgment is due to be granted.

                                                **I.    FACTUAL BACKGROUND**

Plaintiff David Shakir (the "Plaintiff") commenced this suit on February 25, 2015, with the filing of the Complaint in the Chancery Court of DeSoto County, Mississippi, Cause No. 17CH1:15-cv-00363. The case was later removed to this Court on March 25, 2015, based upon diversity and bankruptcy jurisdiction. As stated in the Complaint [2], Plaintiff seeks injunctive relief to stop foreclosure on his residence, alleging a variety of claims against the Defendant (and others), including but not limited to improper assignment of deed of trust and improper

foreclosure on the Defendant's residence.[1]  On May 14, 2015, the Defendant filed its *Motion to Dismiss* [7], and *Memorandum in Support of Motion to Dismiss* [6], asserting, *inter alia*, that: (1) Plaintiff failed to state a claim upon which relief could be granted (Fed. R. Civ. P. 12(b)(6)), (2) that all claims asserted were barred by *res judicata* and/or collateral estoppel, and (3) that the claims were moot as the Plaintiff had already been evicted from the property.  At that same time, Defendant also filed a *Counterclaim* [8], seeking to avoid certain "bogus" liens the Plaintiff had filed on the property.

No response was filed to either the Motion to Dismiss or to the Counterclaim, and on June 9, 2015 the Defendant filed a *Motion for Entry of Default* [9], which was subsequently granted on June 15, 2015 [10].  On June 15, 2015, Defendant filed the present Motion.  The Defendant asks that all of the Plaintiff's claims be dismissed with prejudice, and that default judgment be entered against the Plaintiff, granting all relief sought in the Counterclaim.

Despite no prior responses to the Defendant's motions having been filed, Plaintiff filed a *Motion for Continuance* [12] on June 15, requesting an extension of time in which to file a response to the Defendant's Motion to Dismiss.  No reference is made to an extension in which time to respond to the Counterclaim.  On July 13, the Defendant filed its *Response to Plaintiff's Motion for Continuance* [13], asserting that Plaintiff presents no adequate justification for his failures to respond by the deadlines set forth under Uniform Local Rule 7(b)(4) and Federal Rule of Civil Procedure 6(d).

The Defendant's Motion for Default Judgment is predicated on the Plaintiff's failure to timely respond to the Counterclaim, and also takes into consideration arguments presented in the Motion to Dismiss.  For purposes of judicial economy, the Court finds it appropriate to address the Counterclaim and Motion to Dismiss separately, and will therefore, at this time, only address

---

[1] At the time of entry of this Order, the foreclosure of the property has already taken place.

the Motion for Default Judgment as it relates to the Counterclaim. For the reasons set forth below, the Court finds that Defendant is entitled to the relief sought in the Motion.

## II. CONCLUSIONS OF LAW

Rule 55 of the Federal Rules of Civil Procedure allows for the entry of a default judgment against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Pro. 55(a). Entering a judgment based on default is at the discretion of the court, and a party is not entitled to a default judgment simply because of earlier entry of default. *Jefferson v. Louisiana Dept. of Public Safety and Corrections*, 401 Fed.Appx. 927, 929 (5th Cir. 2010). Rather, default judgment is generally disfavored by the law. *Id*. Courts prefer to reach a judgment on the merits of the case, and not to terminate litigation by procedural maneuver. *See Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 275 (5th Cir. 1989). In general, motions for default judgment should not be granted on the claim, without more, that a party failed to meet a procedural time requirement. *Lacy v. Citel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). In order to properly resolve a motion for default judgment, the Court should consider (1) whether default judgment is procedurally warranted; (2) whether the pleadings sufficiently set forth facts establishing that the movant is entitled to the relief sought; and (3) what relief, if any, the movant should receive. *U.S. v. Giles*, 538 F.Supp.2d 990, 993 (W.D. Tex. 2008). Further,

> [r]elevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

Although the Court of Appeals for the Fifth Circuit has adopted a policy in favor of resolving cases on their merits, *Lindsey*, 161 F.3d at 892-93, that policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citations omitted). Accordingly, there are circumstances under which granting the generally disfavored remedy is appropriate. For the reasons set forth in greater detail below, the Court finds that such is the case here.

**1. Procedural Requirements**

The Counterclaim was filed on May 14, 2015, and the Plaintiff's response thereto was due on June 8, 2015. Fed. R. Civ. P. 6(d) & 12(a)(1). The Plaintiff was served with the Counterclaim on May 14, 2015. *See* [8] at *6. The Counterclaim did not elicit a timely response from the Plaintiff. Pursuant to the Federal Rules of Civil Procedure, the Plaintiff was required to state his defenses to the claims asserted against him, and to admit or deny the allegations contained therein. Fed. R. Civ. P. 8(b)(1)(A) and (B). Failing to do so, the allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6). It is now over two months since the original response deadline, and the Plaintiff has still not filed a response to the Counterclaim, nor has he requested an extension of time in which to do so. In light of the Plaintiff's failure to respond, the default judgment is procedurally warranted.

At this point, the Court finds it necessary to note that the Plaintiff's inaction and failure to abide by deadlines should not simply be cast as the inadvertent mistakes of an otherwise well-meaning *pro se* litigant. The Plaintiff is no stranger to the legal process and judicial system. The real property and related transactions have been the subject of three other cases in the District Court since 2010, two of which were commenced by the Plaintiff. *See Chase Home Fin., LLC v.*

*Shakir,* 2011 WL 7110732 (N.D. Miss. Sept. 9, 2011) *report and recommendation adopted,* 2012 WL 259931 (N.D. Miss. Jan. 27, 2012); *Shakir v. Chase Home Fin., N.A.*, 2011 WL 4386303, (N.D. Miss. Aug. 29, 2011) *report and recommendation adopted,* 2011 WL 4383803 (N.D. Miss. Sept. 20, 2011); *Shakir v. Nationwide Trust Services, Inc.*, 2010 WL 1529224 (N.D. Miss. Apr. 15, 2010). The Plaintiff has further initiated two separate (now dismissed) chapter 13 bankruptcy cases in the Northern District of Mississippi, in which he also acted *pro se*. *See In re Shakir*, Case No. 13-11915 (Bankr. N.D. Miss. 2013); *In re Shakir*, Case No. 14-11537 (Bankr. N.D. Miss. 2014). In each of those cases, the Plaintiff participated in the process by either initiating the lawsuit or bankruptcy case, and/or by filing various motions and other pleadings. Although not a licensed attorney, the Plaintiff is sufficiently familiar with the legal system to know that his participation – particularly in cases which he initiated – is fundamental.

This Court has already once entered an Order Granting Default Judgment against the Plaintiff, regarding this same piece of property. In that case, this Court found that the Plaintiff's unsubstantiated explanations for failing to abide by certain Court deadlines and orders, and to appear as directed, were likely a means to frustrate proper adjudication of the matter, and not accidental.

> Shakir has challenged the authority of this court at every opportunity. It is apparent to the court that he is engaging in delay tactics to remain in the house that is the subject of the plaintiff's complaint for foreclosure. Initially, Shakir failed to answer the plaintiff's complaint after obtaining an extension of time to do so, and a default was entered.
> …
> Shakir's alleged unspecified illness appears to be yet another delay tactic. He has not offered a doctor's excuse or, for that matter, *any* proof of illness that would have prevented him from appearing before the court on August 30. His repeated filings of documents which are virtually indecipherable and certainly non-responsive to the claims against him are apparently nothing more than attempts to frustrate the legal process so that he may continue to occupy the house where he has resided since April 2007 without having paid a single mortgage payment to

the plaintiff… It is clear that defendant does not intend to participate or respond in good faith.

*Chase Home Fin., LLC v. Shakir*, 2011 WL 7110732, at *2 (N.D. Miss. Sept. 9, 2011) *report and recommendation adopted,* 2012 WL 259931 (N.D. Miss. Jan. 27, 2012). Regrettably, none of the Plaintiff's subsequent actions in this Court contradict the Court's initial suspicions that the Plaintiff is engaged in improper delay tactics.

Although the Plaintiff has filed a *Motion for Continuance*, requesting an extension of time in which to respond to the Defendant's Motion to Dismiss, it fails to address the Counterclaim, the Entry of Default, or the Motion for Default Judgment. Further, it comes two weeks past the deadline as established by Federal Rule of Civil Procedure 6(d) and Uniform Local Rule 7(b)(4), and fails to provide an adequate explanation for the Plaintiff's tardiness in filing responsive pleadings.

Considering whether or not the default was caused by a good faith mistake or excusable neglect, the Court finds that the evidence and history of this case (and others) weigh against the Plaintiff and in favor of granting default judgment.

2. **Sufficiency of Pleadings**

Entitlement to default judgment on procedural grounds does not necessarily warrant entry of judgment. Instead, the pleadings must sufficiently demonstrate the movant is entitled to such relief. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "As the Supreme Court stated in the 'venerable but still definitive case' of *Thomson v. Wooster*: a default judgment may be lawfully entered only 'according to what is proper to be decreed upon the statements of the bill, assumed to be true,' and not 'as of course according to the prayer of the bill.'" *Id*. at 1206 (quoting *Thomson v. Wooster*, 114 U.S. 104, 113, 5 S. Ct. 788, 792, 29 L.

Ed. 105 (1885)). Considering the content of the Counterclaim, the Court finds that the Defendant has satisfactorily met its burden.

In reviewing the sufficiency of the Defendant's Counterclaim, the Court applies the same standards by which it would gauge the sufficiency of pleadings in a complaint. To state a claim upon which relief may be granted, a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Further, it must plead those facts with enough specificity so as "to raise a right to relief above the speculative level." *Id*., 127 S. Ct. at 1965. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

Through the Counterclaim, the Defendant concisely (though adequately) revisits the history of this matter, including how the Plaintiff first acquired the property, how the property was encumbered pursuant to a Deed of Trust in favor of Chase Bank USA, N.A., and how the subject property came to be vested in the Defendant following the foreclosure on November 18, 2014. The Defendant also recounts the procedural history of the Desoto County Court litigation (and subsequent entry of judgment in favor the Defendant (the "State Court Judgment")), whereby the Plaintiff was directed to vacate the residence. It is alleged that following the entry of the State Court Judgment, the Plaintiff has attempted to improperly cloud Defendant's title by filing bogus liens on the property.

The Defendant asserts that the filing of such bogus liens, coupled with initiation of the present case, is just another attempt by the Defendant to frustrate the Defendant's lawful title to and possession of the property. The Defendant requests that the bogus liens be declared clouds

on title to the property, void and held for naught, that the Plaintiff be enjoined from filing any further instruments that may cloud title to the property, and finally that Defendant be awarded all costs, expenses and attorney's fees associated with the action.

To corroborate the allegations contained in the Counterclaim, the Defendant has submitted to the Court supporting documentation, including (1) the original Warranty Deed [8; Ex. A], (2) the Deed of Trust [8; Ex. B]; (3) the Substitute Trustee's Deed [8; Ex. C]; (4) the State Court Judgment finding that the Plaintiff was unlawfully withholding possession of the real property, and that the Defendant should be awarded possession of said house and lot [8; Ex. D]; and (5) copies of UCC Financing Statements, filed by the Plaintiff in the land records of DeSoto County and purporting to encumber the property.

Reviewing the Counterclaim and supporting documentation, the Court finds that the Defendant has sufficiently demonstrated that it is entitled to the relief requested. This Court has already found – through exhausting and repetitive litigation – that a foreclosure sale of the property was appropriate and lawful. *See Chase Homes Finance, LLC v. Shakir*, 2012 WL 259931, at *1 (N.D. Miss. Jan. 27, 2012) (granting default judgment against the Plaintiff and in favor of Chase Homes Finance, LLC, the Defendant's predecessor in interest, and authorizing foreclosure on the property). The so-called liens filed by the Plaintiff following foreclosure have no discernible legal basis. The Court finds them so legally (and logically) indefensible that no great exploration of their supposed merit is necessary.

Given that the liens in question are facially invalid, consideration of "harshness of the default judgment" weighs greatly in favor of the Defendant. The Court is able to draw the reasonable inference that the Plaintiff is liable for the filing of bogus liens in an attempt to improperly cloud Defendant's title to the property. Such an inference is only bolstered by the

Plaintiff's history with this Court and his seemingly unending – and unjustified – attempts to prevent his creditors from exercising their rights under the terms of the loan.

Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff's failure to deny allegations that the liens are baseless and invalid deems them admitted. "It is universally understood that a default operates as a deemed admission of liability." *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992). Irrespective of such admission, however, the Court would still conclude that the liens are warrantless, unjustified, and invalid based on the pleadings and supporting documentation. Accordingly, given the patently frivolous nature of the so-called liens, as well as the Plaintiff's failure to respond or in any way justify their validity, the Court finds that the they are due to be declared void and invalid.

3. **Relief to which the Defendant is Entitled**

For the reasons set forth above, the Court finds that the Defendant is entitled to the relief sought in the Counterclaim through a default judgment.

### III. CONCLUSION

Considering the procedural history of this case, the failure of the Plaintiff to respond to the Counterclaim, the deemed admission of allegations therein, and the interests of social goals, justice and expediency, the Court finds that Default Judgment is due to be granted. There is no adequate reason to delay entry of final judgment with respect to the claims between the Plaintiff and Defendant. *See* Fed. R. Civ. P. 54(b). Taking into consideration the relevant factors enumerated by the Fifth Circuit in *Lindsey*, the Court finds that factors relating to substantial prejudice, good faith mistake, and harshness of a default judgment all weigh against the Plaintiff. The court agrees that Plaintiff has, in fact, failed to defend against the Counterclaim, and, moreover, that the law and facts of this case support the relief sought.

Accordingly, it is hereby, ORDERED that the Motion for Default Judgment [11] is GRANTED.

SO ORDERED this the 20th day of August, 2015.

                                      **/s/ MICHAEL P. MILLS**
                                      **UNITED STATES DISTRICT JUDGE**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**