IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID SHAKIR**                                                               **PLAINTIFF**

**v.**                                      **Civil Action No. 3:15-cv-00044-MPM-JMV**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**                **DEFENANTS**
**et al.**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court for consideration on the *Motion to Dismiss* (the "Motion")[7], and *Memorandum in Support of Motion to Dismiss* [6], filed on behalf of defendant Federal National Mortgage Association (the "Defendant"). Plaintiff David Shakir (the "Plaintiff") commenced this suit on February 25, 2015, with the filing of the complaint in the Chancery Court of DeSoto County, Mississippi, Cause No. 17CH1:15-cv-00363. The case was later removed to this Court on March 25, 2015, based upon diversity and bankruptcy jurisdiction. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1367 and 1441. Venue is proper pursuant to 28 U.S.C. § 1391.

As stated in the Complaint [2], Plaintiff seeks injunctive relief to stop foreclosure on his residence, alleging a variety of claims against the Defendant (and others), including but not limited to improper assignment of deed of trust and improper foreclosure on the Defendant's residence. On May 14, 2015, the Defendant filed the present Motion, asserting, *inter alia*, that: (1) Plaintiff failed to state a claim upon which relief could be granted (FED. R. CIV. P. 12(b)(6)), (2) that all claims asserted were barred by *res judicata* and/or collateral estoppel, and (3) that the claims were moot as the Plaintiff had already been evicted from the subject property. At that same time, Defendant also filed a *Counterclaim* [8], seeking to avoid certain "bogus" liens the Plaintiff had filed on the property. Plaintiff's response to the Motion was due on June 1, 2015,

though no response was timely filed. FED. R. CIV. P. 6(d); Uniform Local Rule 7(b). Instead, on June 16, 2015, the Plaintiff filed a *Motion for Continuance* [12], requesting an additional 20 days in which to file a response to the Motion. No reference was made to the Counterclaim, for which he had also missed the response deadline. Although no order has previously been entered, either granting or denying the Motion for Continuance, the extended deadline requested by the Plaintiff – June 20, 2015 – has long since come and gone. Now, well almost two months past the hypothetical deadline, there has still been no response filed by the Plaintiff. Upon review of the Motion, memorandum in support thereof, the Motion for Continuance, and relevant case law, the Court finds that no hearing on the matter is necessary. The Motion is due to be granted and the case dismissed.

## I. FACTUAL BACKGROUND[1]

In 2007, Plaintiff obtained a loan in the amount of $296,000.00 from Chase Bank USA, N.A., for the purchase of a home in DeSoto County, Mississippi. As security for the note, Plaintiff executed a deed of trust in favor of Chase Bank USA, encumbering the property. On March 20, 2008, Chase Bank USA, N.A. assigned the deed of trust to Chase Home Finance, LLC ("Chase"). On April 24, 2008, Nationwide Trustee Services, Inc. ("Nationwide") was appointed substitute trustee for the deed of trust.[2]

The Plaintiff ultimately defaulted on the loan, triggering foreclosure proceedings. In response, Plaintiff filed suit against Nationwide, attempting to halt the foreclosure and alleging that the trustee did not have legal right to foreclose on the property. *Shakir v. Nationwide Tr.*

---

[1] The summary of facts is compiled through undisputed facts admitted in the parties' filings in this case, and/or taken from the filings and Court's own records in the Plaintiff's related cases. *See ITT Rayonier Inc. v. U.S.*, 651 F.2d 343, 345 n. 2 (5th Cir. 1981) (holding that a court may take judicial notice of its own records or of those of inferior courts.).

[2] It has already been found in prior cases (discussed in length below) that each assignment of the deed of trust was properly recorded in the Chancery Clerk's office in DeSoto County, Mississippi. *See Shakir v. Nationwide Trustee Services, Inc.*, 2010 WL 1529224 at *2-3 (N.D. Miss. Apr. 15, 2010).

*Servs., Inc.*, No., 2010 WL 1529224 (N.D. Miss. Apr. 15, 2010). On April 15, 2010, the District Court entered summary judgment in favor of Nationwide, finding that it had "established that it has the legal right to foreclose upon the subject residence." *Id*.

Following entry of judgment in favor of Nationwide, the Plaintiff filed a second action on September 10, 2010, this time against Chase, alleging similar claims to those leveled against Nationwide. *Shakir v. Chase Home Fin., N.A.*, 2011 WL 4386303 (N.D. Miss. Sept. 20, 2011) *report and recommendation adopted*, 2011 WL 4383803 (N.D. Miss. Sept. 20, 2011). Ultimately, the Magistrate Judge recommended that Chase's Motion to Dismiss be granted and that the Complaint be dismissed with prejudice based upon *res judicata*. *Id*. at *7. The District Court subsequently adopted the report and recommendation. *Shakir v. Chase Home Fin., N.A.*, 2011 WL 4383803, at *1 (N.D. Miss. Sept. 20, 2011).

Around this same time, Chase initiated its own action against the Plaintiff[3] so as to prompt his surrender of the home. *See Chase Home Fin., LLC v. Shakir*, 2011 WL 7110732 (N.D. Miss. Sept. 9, 2011) *report and recommendation adopted*, 2012 WL 259931 (N.D. Miss. Jan. 27, 2012). In that case, the Magistrate Judge found that the Plaintiff had never made payments on the loan, did not pay homeowner's association assessments, and failed to participate in the litigation in good faith. *Id*. at *1-2. The Magistrate Judge recommended that default be entered against the Plaintiff "for his failures/refusals to appear at court proceedings and his failures/refusals to abide by court rules and court orders in this case that were specifically directed at him, and that [Chase] be granted the relief requested in its Complaint." *Id*. at *2. The report and recommendation was subsequently adopted by this Court. *Chase Home Fin., LLC v. Shakir*, 2012 WL 259931, at *1 (N.D. Miss. Jan. 27, 2012).

---

[3] Although Mr. Shakir was the defendant in the 2011 lawsuit initiated by Chase, for purposes of continuity the Court will continue to use the predefined term of "Plaintiff" to refer to Mr. Shakir.

On November 18, 2014, the property was foreclosed upon, with title being vested in the Defendant. On January 9, 2015, following the Plaintiff's failure to vacate the property, the Defendant commenced an unlawful entry and detainer action in the County Court of DeSoto County, Mississippi. Plaintiff then commenced this suit on February 25, 2015, in the Chancery Court of DeSoto County, Mississippi. The Chancery Court action was subsequently removed to this Court on March 25, 2015. On March 27, 2015, the County Court entered a judgment in favor of the Defendant, requiring Plaintiff to vacate the property by April 10, 2015. [6; Ex. H]. The Defendant has represented to the Court that the eviction has since taken place and that the Plaintiff has been removed from the property. [13].

## II. CONCLUSIONS OF LAW

Through the Motion, the Defendant asserts several grounds for dismissal under 12(b)(6): (1) that all claims asserted are barred by *res judicata* and/or collateral estoppel; and (2) that the claims are moot due to a state court judgment evicting him from the property. Resolution in favor of the Defendant on one ground would obviate the need for exploration of the other. Accordingly, in the interest of judicial economy, the Court will only address each basis insofar as is necessary for the resolution of the Motion.

Rule 8 of the Federal Rules of Civil Procedure provides in relevant part:

(a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1)-(3).

Although subsection (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," *Id.*, the rule has been interpreted to mean that a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "[The] pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In weighing the sufficiency of a Complaint for purposes of a 12(b)(6) motion, a court cannot look beyond the pleadings. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, a court may properly consider matters of which it may take judicial notice, which necessarily includes matters of public record.[4] *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (a court may consider matters of which it may take judicial notice); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (holding that is it clearly proper to consider matters of public record in deciding a 12(b)(6) motion). A court must "accept all factual allegation in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007), though that directive is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 547, 127 S. Ct. at 1960). Of course, pro se pleadings are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v.*

---
[4] As an initial matter, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the prior actions in this court pertaining to the Plaintiff, including all filings, attachments, reports and recommendations rendered by the Magistrate Judges, judgments and opinions.

*Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (internal quotation marks omitted). However, even in reviewing the complaint in the most favorable light possible, the Court cannot ignore the obvious shortcomings of the pleadings. For the reasons set forth below, the Court finds that the Plaintiff has failed to carry the requirement that the pleadings contain sufficient factual matter to state a claim to relief that is plausible on its face.

### A. Res Judicata

"Res judicata ensures the finality of decisions. Under res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979) (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). "Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id*.

The Fifth Circuit Court of Appeals has generally held that a party cannot predicate a Rule 12(b)(6) motion on *res judicata* grounds; rather, it must be pleaded as an affirmative defense. *Test Masters Educ. Serv., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir.2005). However, the Fifth Circuit has also held that Rule 12(b)(6) may be the appropriate vehicle for *res judicata* arguments in certain circumstances – including, "when the elements of *res judicata* are apparent on the face of the pleadings." *Davis v. v. Biloxi Pub. Sch. Dist.*, 2011 WL 198124, at *2 (S.D. Miss. Jan. 20, 2011) (citing *Kan. Reinsurance Co. v. Mktg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994); *Lexxus Int'l, Inc. v. Loghry,* 512 F. Supp. 2d 647, 668–69 (N.D. Tex. 2007)).

"Federal law determines the res judicata effect of a prior federal court judgment." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). The federal res judicata standard establishes four requirements: (1) the parties must be identical in both suits; (2) the prior

6

judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir. 2004). The elements are written in the conjunctive; therefore each must be met for a res judicata argument to succeed.

### 1. Identical Parties

As the basis for its res judicata argument, the Defendant relies on the prior litigation between the Plaintiff and, respectively, Chase and Nationwide. Generally speaking, to hold a party liable to a judgment or proceeding to which they were not a party contravenes notions of fairness and the "historic tradition that everyone should have his own day in court." *Martin v. Wilks*, 490 U.S. 755, 762, 109 S. Ct. 2180, 2184, 104 L. Ed. 2d 835 (1989)(internal cites omitted). However, an exception exists where it can be said that there is privity between the parties. *See Meza*, 908 F.2d at 1266. For res judicata purposes, the Fifth Circuit has held that privity exists in "three, narrowly defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id*.

In the case at hand, due to the valid transfers of rights, the Defendant is a successor in interest to the prior parties. *See Maxwell v. U.S. Bank Nat. Ass'n*, 544 Fed.Appx. 470, 472 (5th Cir. 2013) (holding that the legal relationship between an assignor and assignee can justify preclusion). Further, a review of the procedural history of those cases shows that the predecessors were actively involved in the litigation, and adequately represented the interest of the Defendant. Although there may normally be some difficulty in "determining when a party's and a nonparty's interests are 'close enough' for res judicata to apply," *Id.* at 1273, such is not the case here. The interests in question in prior litigation – primarily the foreclosure rights under

the deed of trust – are the same interests in question in the present case. As such, the requirement that there be identical parties is satisfied.

### 2. Competent Jurisdiction of Court

The District Court had competent jurisdiction over the prior litigation. Litigation between the Plaintiff and Nationwide initially began in Circuit Court for DeSoto County, Mississippi. *See Shakir v. Nationwide Tr. Servs., Inc.*, 2010 WL 1529224, at *1 (N.D. Miss. Apr. 15, 2010). However, because the Plaintiff posited claims under the Fair Debt Collection Practices Act ("FDCPA"), the suit was appropriately transferred to federal court based upon federal question jurisdiction. 28 U.S.C. § 1331. The Plaintiff did not challenge removal to federal court, and judgment was subsequently entered by U.S. District Judge Allen Pepper of the U.S. District Court for the Northern District of Mississippi. *Shakir v. Nationwide Tr. Servs., Inc.*, 2010 WL 1529224, at *1 (N.D. Miss. Apr. 15, 2010).

The second case was initiated by the Plaintiff, against Chase, in federal District Court. *Shakir v. Chase Home Finance, N.A.*, 2011 WL 4386303 at *1 (N.D. Miss. Aug. 29, 2011). Plaintiff asserted claims under several federal statutes, including the Deceptive Practices Act, the Truth in Lending Act, the Homeownership and Equity Protection Act, and the Real Estate Settlement Procedures Act. Federal jurisdiction was therefore appropriate, and judgment was entered by U.S. District Judge Neal B. Biggers, Jr., of the U.S. District Court for the Northern District of Mississippi. *Shakir v. Chase Home Finance, N.A.*, 2011 WL 4383803 at *1 (N.D. Miss. Sep. 20, 2011).

The third case – an action for judicial foreclosure – was also commenced in federal court, this time based on diversity jurisdiction.[5] Judgment was subsequently entered by the

---

[5] Plaintiff is a Mississippi resident; Defendant is incorporated in the state of Delaware.

undersigned on January 27, 2012. *Chase Home Finance, LLC v. Shakir*, 2012 WL 259931 at *1 (N.D. Miss. Jan. 27, 2012).

In summation, the courts entering judgment in the prior three actions were all of competent jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332.

### 3. Final Judgment on Merits

There is no question that the judgments entered in the prior cases were final judgments. "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 779, 187 L. Ed. 2d 669 (2014). No appeals were taken from either the first or second case, and the judgments subsequently became final after the deadline for appeals had run. FED. R. APP. P. 4. The Plaintiff attempted to appeal the judgment rendered in *Chase Home Finance, LLC v. Shakir*, but the appeal was ultimately dismissed. That judgment is now also final.

For purposes of res judicata, however, it is not enough for the prior judgments to have been final – they must also have been rendered on the merits. Generally, "a judgment is on the merits if it completely disposes of the underlying cause of action, ... or determines that the plaintiff has no cause of action." *Moore v. Prine*, 2006 WL 2524216, at *2 (S.D. Miss. Aug. 30, 2006) *aff'd sub nom. Moore v. Jones Cnty. Sch. Dist.*, 239 F. App'x 913 (5th Cir. 2007).

The first suit between Plaintiff and Nationwide resulted in judgment being entered in favor of Nationwide, granting its motion for summary judgment, and dismissing Plaintiff's claims with prejudice. "Under *res judicata,* a summary judgment is an adjudication on the merits." *Peregoy v. Amoco Prod. Co., a Div. of Standard Oil of Indiana*, 742 F. Supp. 372, 376 (E.D. Tex. 1990) *aff'd sub nom. Peregoy v. Amoco Prod. Co.*, 929 F.2d 196 (5th Cir. 1991).

9

Further, "a dismissal which is designated 'with prejudice' is normally an adjudication on the merits for purposes of *res judicata." Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 n. 8 (5th Cir.1993).

Similarly, in the second suit between Plaintiff and Chase, Chase's motion to dismiss was granted and the Plaintiff's complaint dismissed with prejudice. The Magistrate Judge's Report and Recommendation, subsequently adopted by the District Judge, conducted a detailed analysis of Plaintiff's claims against Chase, concluding that they were due to be dismissed with prejudice based upon res judicata. Again, the judgment entered constituted a final judgment on the merits.

Finally, in the third suit, Chase sought judicial foreclosure of the residence, based upon the Plaintiff's failure to perform under the terms of the note and Deed of Trust. In that case, Chase filed a motion for contempt for Plaintiff's failure to pay certain fines ordered by the Court for Plaintiff's failures to submit required documents and to attend the case management conference. In response to the motion for contempt, the Plaintiff filed a "Motion for Jurisdictional Hearing, Motion to Dismiss for Failure to State a claim." *See Chase Home Finance, LLC v. Shakir*, 2011 WL 7110732 (N.D. Miss. Sep. 9, 2011). The Court ultimately found that jurisdiction was unquestionably appropriate, and that Chase's pleadings and supporting documentation were more than sufficient to support a claim on which relief could be granted. The Court further found that entry of default judgment against the Plaintiff was appropriate given his refusal to appear at court proceedings and to abide by court rules and orders. Despite concluding in a default judgment, there was still an obvious entry of judgment on the merits. *See Morris v. Jones*, 329 U.S. 545, 550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) ("'[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as

res judicata, in the absence of fraud or collusion, even if obtained upon default.'" (quoting *Riehle v. Margolies*, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929))).

Each of the three cases upon which the present res judicata argument is predicated resulted in a final judgment on the merits. Accordingly, the third prong of the res judicata standard is satisfied.

### 4. Same Cause of Action

The final element of res judicata requires that the two (or more) action be based on the same cause of action. In determining whether or not this requirement has been met, the Fifth Circuit employs the "'transactional test,' which 'requires that the two actions be based on the same 'nucleus of operative facts.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt*, 365 F.3d at 395-96. In determining what constitutes a "transaction" or "series of transactions," the Court is charged with considering factors such as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 396 (quoting Restatement (Second) of Judgments § 24(2) (1982)).

Each of the prior cases in question was centered on the same promissory note, the same deed of trust, and the parties' same respective contractual obligations and rights. Although the Plaintiff has, at times, alleged a variety of causes of action, at the heart, each is based on the Plaintiff's contention that Chase, Nationwide, and/or the Defendant did not have the right to

foreclose on his residence. In the first action, the Plaintiff asserted that Nationwide did not have the right to foreclose as it had not verified it was the holder of the deed of trust. The court ultimately found, however, that Nationwide's foreclosure had been in compliance with FDCPA regulations, and that it had the right to foreclose as it was assigned the right by the original debt-holder (Chase Bank USA, N.A.).

The second action was similarly premised on the tentative foreclosure on his property. The court found that it was "clear that [Plaintiff's] causes of action in both proceedings revolve around the impending foreclosure on his property and Chase's right to foreclose." *Shakir v. Chase Home Fin., N.A.*, 2011 WL 4386303, at *5 (N.D. Miss. Aug. 29, 2011). The court further held that the Plaintiff was "attempt[ing] to portray the second action as a different cause of action against a different defendant. However, what [was] important for *res judicata* purposes is that his 'causes of action all revolve around the same nucleus of operative facts.'" *Id*.

The third action was also premised on the foreclosure rights of the holder of the deed of trust. No great exploration of the facts and circumstances of that case is necessary, in addition to what has already been stated above.

There is no question that current action also arises out of the "same nucleus of operative facts" – the Plaintiff's obligations for the indebtedness, and the Defendant's rights once default occurs. Considering the present case, the Court finds that the all claims, allegations, and supposed causes of action asserted by the Plaintiff have all either actually been litigated, or could and should have been litigated in the prior actions.[6] *See D-1 Enterprises, Inc. v. Commercial*

---

[6] Those issues and claims that were actually litigated – as opposed to those which merely could and should have been litigated – are also barred from re-adjudication under the theory of collateral estoppel. The elements of collateral estoppel in a federal court are as follows: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in the earlier action. *See Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (5th Cir. 1989). However, since the Court has

12

*State Bank,* 864 F.2d 36, 38 (5th Cir. 1989)("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation."). Accordingly, the Court finds that the Defendant has sufficiently proven the elements of res judicata, and that the Motion to dismiss is due to be granted. Because the Court finds that res judicata applies to the current case, there is no need to evaluate the Defendant's additional defenses of collateral estoppel and mootness.

### III. CONCLUSION

The Plaintiff's efforts to prevent lawful foreclosure on his residence have been extensive. They have also been unsuccessful, and for the most part futile. The present case initiated by the Plaintiff fails to allege any new claims or causes of action which have not already been adjudicated by this Court, or which could not have been adjudicated in those prior cases. When applicable, res judicata bars the relitigation of such claims. The case is thus due to be dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. No relief can be afforded for claims precluded as a matter of law.

For the foregoing reasons, is it hereby ORDERED that the Defendant's Motion to Dismiss [7] is GRANTED. A separate judgment in accord with this opinion will issue this day.

So ORDERED this the 20th day of August, 2015.

    **/s/ MICHAEL P. MILLS**
    **UNITED STATES DISTRICT JUDGE**
    **NORTHERN DISTRICT OF MISSISSIPPI**

---

concluded that the Motion is due to be granted based upon res judicata, an exploration of the application of collateral estoppel in this case would be superfluous.